UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMRAN MAMMADOV, an individual, | Case No.:  25-cv-2652-BJC-SBC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| BTG SPECIALTY PHARMACEUTICALS, a Pennsylvania corporation; BTG INTERNATIONAL, a Pennsylvania corporation; SERB SPECIALTY PHARMACEUTICALS, a Pennsylvania corporation; and DOES 1 through 100, inclusive, | **[ECF No. 4]** |
| Defendants. | |

Defendant BTG International Inc. ("BTG") moves to dismiss Plaintiff Kamran Mammadov's Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. ECF No. 4.  Plaintiff opposes the motion.  For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant BTG's motion to dismiss.

//

//

1

## I.   BACKGROUND

Defendant BTG is incorporated in Delaware and has its corporate headquarters in Pennsylvania.  ECF No. 4-3 ¶ 3.  Plaintiff Kamran Mammadov lives in San Diego, California, and was hired by BTG in 2023.  ECF No. 6-1 ¶¶ 6, 10.  The parties discussed plans for Plaintiff to move to the East Coast to work, but he started working out of his "field-based home office" in San Diego, where he resided prior to, during, and after his employment with BTG.  ECF No. 4-3 ¶ 10; ECF No. 6-1 ¶ 19.  Although the parties disagree on how certain these plans were when Plaintiff was hired, Defendant knew Plaintiff would be working remotely from California for some indefinite period.  ECF No. 6-1 ¶ 19.

Plaintiff alleges that Defendant violated numerous California laws by forcing him to work during medical leave, retaliating and discriminating against him for his health conditions and religious background, and terminating him on October 21, 2024, for internal whistleblower activities.  ECF No. 1-2 ¶¶ 127, 135-40, 141-76, 256.  Plaintiff originally filed a complaint in San Diego Superior Court on June 10, 2025, asserting claims for retaliation, wrongful termination, employment discrimination, failure to engage in the interactive process, failure to accommodate, harassment, failure to prevent discrimination, and unfair business practices.  ECF No. 1-2.  He filed a Proof of Service of Summons in San Diego Superior Court on September 16, 2025, claiming to have served process on Samuel Angie at 5235 North Front Street, Harrisburg, Pennsylvania 17110, on September 5, 2025.  ECF No. 4-2 ¶ 2, Exhibit 1.  The service was directed to "BTG INTERNATIONAL, A PENNSYLVANIA CORPORATION," which is not a legal entity.  ECF No. 1-3 ¶ 5.  Plaintiff also filed a Proof of Service of Summons in San Diego Superior Court on "SERB SPECIALTY PHARMACEUTICALS, A PENNSYLVANIA CORPORATION," which is also not a legal entity.  *Id.* ¶ 4, 5.  This proof of service explained that service was made on Jeffrey Ginn at 46 Shelby Thames Dr., Hattiesburg, Mississippi, 39402.  ECF No. 4-2, Exhibit 2.

//

2

Defendant removed the action to federal court on October 6, 2025, and filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5) on October 14, 2025.  ECF Nos. 1, 4.  Plaintiff filed an Opposition to Defendant's Motion to Dismiss on November 18, 2025, and Defendant filed a Reply to Plaintiff's Opposition on November 24, 2025.  ECF Nos. 6, 8.

## II.   DISCUSSION

**A. Personal Jurisdiction**

**i.  Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) should be granted when a court lacks personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).  The plaintiff need only make a *prima facie* showing of jurisdictional facts when a court determines personal jurisdiction through the use of affidavits from the parties, without an evidentiary hearing.  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

"[F]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  "Because California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," personal jurisdiction is proper if it "comports with due process."  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).  Due Process requires minimum contacts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Personal jurisdiction over a non-resident defendant may be either general or specific.  *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008).  General jurisdiction requires that the defendant maintain "affiliations with the [forum state that] are so 'continuous and

25-cv-2652-BJC-SBC

systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317). By contrast, specific jurisdiction requires less extensive contacts with the forum state, but it can only apply to a "cause of action arising directly out of [the defendant's] forum contacts . . . ." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075 (9th Cir. 2011).

**ii.  Analysis**

Defendant argues the Court lacks general and specific personal jurisdiction over Defendant BTG. Plaintiff does not challenge the lack of general personal jurisdiction but argues that specific personal jurisdiction over Defendant BTG is proper. The Ninth Circuit employs a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). After the plaintiff establishes the first two prongs, the defendant must make an affirmative showing that exercising personal jurisdiction would be unreasonable. *CollegeSource*, 653 F.3d at 1076. As analyzed below, all three prongs of the test for specific personal jurisdiction are met.

*1.  Purposefully Directed Conduct Toward California*

To satisfy the first prong, Plaintiff must demonstrate that Defendant BTG purposefully directed its activities toward California or purposefully availed itself of the privilege of conducting activities in California. Although the phrase "purposeful

25-cv-2652-BJC-SBC

availment" is often used to refer to both purposeful direction and availment, they are distinct concepts. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). The purposeful direction analysis is used for claims sounding in tort, while purposeful availment is applied to claims sounding in contract. *Schwarzenegger*, 374 F.3d at 802. For intentional torts, purposeful direction is determined using a three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). This test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co., Inc. v. Watt*s, 303 F.3d 1104, 1111 (9th Cir. 2002)). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Further, "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.*

Defendant frames its argument as though the case sounds in contract (purposeful availment), thus opting for an analysis of the "prior negotiations and contemplated future consequences [in California], along with the terms of the [employment] contract and the parties' actual course of dealing." ECF No. 4-1 at 22, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Defendant then argues that Plaintiff's employment contract was not entered with the expectation of having consequences in California beyond Plaintiff's temporary residence there. They further argue that Plaintiff's residence in California was an inconvenience it was willing to accommodate only for a period of time. ECF No. 4-1 at 22. More specifically, Defendant contends that Plaintiff had to travel to Pennsylvania for work regularly, that none of the members of the team he supervised lived in California, and that he had committed to moving to the East Coast to facilitate his employment. *Id.* at 23. Defendant asserts that these facts do not indicate that the parties contemplated any future consequences in California, nor that their actual course of dealing had any effect in California.

However, Plaintiff's claims do not sound in contract, even though they involve an employment contract. Rather, the allegations include the intentional torts of retaliation,

25-cv-2652-BJC-SBC

harassment, discrimination, and wrongful termination, meaning that they require analysis under the *Calder* test. *Schwarzenegger*, 374 F.3d at 802. The analysis that Defendant proposes is ill-suited for employment cases involving intentional torts because the damage may occur in the forum state and have no connection to the contract, its prior negotiations, or its intended future consequences. *See, e.g.*, *Mercado v. JMJ Assocs. LLC*, No. 14-CV-02060-JLS-MRW, 2015 WL 13783452, at *3-4 (C.D. Cal. April 15, 2015) (finding intentional torts in the employment context caused harm in the forum state but were not related to the employment contract). By contrast, the *Calder* test focuses on the "purposeful direction of a foreign act having effect in the forum state." *See id.* at 803 (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Instead of an intentional tort or a contract framework, Plaintiff appears to adopt a test used in products liability cases. Plaintiff argues "[a] defendant purposefully avails itself of the forum's benefits if it deliberately reaches out beyond its home by exploiting a market in the forum state." ECF No. 6 at 6 (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). Plaintiff appears to concede that his remote employment from California alone is an insufficient basis for exercising specific personal jurisdiction over Defendant. *See* ECF No. 6 at 6-11. He, instead, argues that his California residence was a benefit to Defendant and specifically served the company's business in California, and that Defendant interacted with California in other ways, such as by submitting to its regulatory programs. *Id.* The analysis that Plaintiff proposes is also ill-suited for employment cases involving intentional torts. An intentional tort may be expressly aimed at the forum state without the purpose of exploiting a market therein. *See, e.g.*, *Calder*, 465 U.S. at 789.

Neither party specifically addressed the *Calder* "effects" test for intentional torts. Nonetheless, under the *Calder* test, purposeful direction can be established by Defendant's knowing and intentional employment of a California resident to do work from within California, regardless of any other contacts Defendant may have had with California. *See id.* The Court analyzes the Calder test below.

### a. Intentional Act

"The meaning of the term 'intentional act' in [this Court's] jurisdictional analysis is essentially the same as in the context of intentional torts; namely, the defendant must act with the 'intent to perform an actual, physical act in the real world.' *Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 806). Plaintiff asserts that Defendant committed numerous intentional torts against him, including retaliation, harassment, discrimination, wrongful termination, all of which are based on intentional acts. For example, the following intentional acts are alleged in the complaint: (1) Defendant hired Plaintiff, ECF No. 1-2 ¶35; (2) Defendant pressured Plaintiff to work while on sick leave, *Id.* ¶ 123-34; (3) Defendant demoted Plaintiff as punishment for his medical condition, *Id.* ¶ 135-40; (4) Defendant discriminated against Plaintiff for his religious and ethnic background by speaking harshly to him, becoming increasingly critical of his work, and making offensive comments about his religion, *Id.* ¶ 197-242; (5) Defendant fired Plaintiff, *Id.* ¶258. Each of these allegations clearly describes intentional acts allegedly committed by Defendant. Therefore, Plaintiff satisfies the first requirement of the *Calder* test.

### b. Conduct Expressly Aimed at California

To determine if a defendant expressly aimed their conduct at the forum state, courts use different analyses tailored to the type of tort. *Picot*, 780 F.3d at 1214. In the case of employment-related suits for torts, such as harassment and wrongful termination, courts have found that an employer expressly aims alleged tortious conduct at a forum state when they knowingly hire and continually employ a resident of the forum state for remote work. *See Alexis v. Rogers*, No. 15-CV-691-CAB-BLM, 2016 WL 11707630, at *4-6 (S.D. Cal. Feb. 26, 2016) (finding specific personal jurisdiction in California over an out-of-state employer who hired, communicated with, and terminated a California resident virtually); *Mercado*, 2015 WL 13783452, at *4 ("[Plaintiff's] suit arises out of his continuous employment relationship with [Defendant] which entailed myriad deliberate contacts by the company with this forum."); *Wallens v. Milliman Fin. Risk Mgmt. LLC*, 509 F. Supp. 3d 1204, 1216 (C.D. Cal. 2020) (finding specific personal jurisdiction proper when

25-cv-2652-BJC-SBC

"[Defendants'] virtual contacts were directed toward California, and for the purpose of [Plaintiff] performing work for the benefit of Defendants and under [Defendants'] direct supervision").

Moreover, when an employer hires an employee to do work remotely from within the forum state, that employer can reasonably expect to be haled into court in the forum state for torts related to the employer-employee relationship. *See Alexis*, 2016 WL 11707630, at \*8. The decision to employ a resident of the forum state for extensive, long-term remote work constitutes a defendant's "own affiliation with the State," not simply an "interact[ion] with other persons affiliated with the State." *See Burger King*, 471 U.S. at 475.[1]

Here, Defendant hired Plaintiff to work remotely in California for the benefit of the company, constituting an "express aim" toward California. *See Schwarzenegger*, 374 F.3d at 806. Importantly, Plaintiff was already living in California when Defendant hired him, and the parties agreed that Plaintiff could work in California for an undetermined period of time. Although the parties differ on whether Plaintiff's California residence was a benefit or a hindrance to Defendant, ECF No. 4-1 at 22; ECF No. 6 at 8, this question does not determine whether Defendant's conduct was expressly aimed at California. Plaintiff has demonstrated that Defendant expressly aimed its conduct at California by employing him for remote work in California, thus satisfying the second requirement of the *Calder* test.

### c. *Knowledge that Any Harm Caused Was Likely to Be Suffered in California*

Plaintiff must demonstrate that Defendant's conduct has "foreseeable effects" in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010) *abrogated on other grounds as recognized by Axiom Foods*, 874 F.3d 1064, 1069-

---

[1] By contrast, when a plaintiff-employee is hired and employed in a different state and, later, unilaterally moves into the forum state, the plaintiff's presence in the forum state does not give rise to specific personal jurisdiction over the defendant-employer. *See Grootonk v. Labrie Env't Grp., LLC*, No. 22-CV-01868-FWS-ADS, 2023 WL 5420299, at \*7-8 (C.D. Cal. July 20, 2023). Any forum contacts for the defendant created by such unilateral activity on the plaintiff's part are "random, fortuitous, or attenuated." *See Burger King*, 471 U.S. at 475.

25-cv-2652-BJC-SBC

70 (2017).  In this case, Plaintiff's employment in California put Defendant on notice that any tort causing harm to Plaintiff would be suffered in California.  Although Plaintiff sometimes traveled to Pennsylvania for work, ECF No. 6 at 2, the vast majority of his time was spent in California, where he lived and worked.  Therefore, Defendant was aware that any harms Plaintiff experienced would be suffered in California, and the alleged intentional torts had "foreseeable effects" in California.  Having demonstrated that the final requirement of the *Calder* test is met, Plaintiff has proven that Defendant "purposefully directed" its conduct toward California.

### 2.  Plaintiff's Claims Arise from Defendant's California-Related Conduct

To satisfy the second prong of the three-prong test for specific personal jurisdiction, Plaintiff must demonstrate that his claim "arises out of or relates to the defendant's forum-related activities."  *Schwarzenegger*, 374 F.3d at 802.  A claim arises from a defendant's forum-related conduct if an injury would not exist "but for" the defendant's forum-related conduct.  *Ballard*, 65 F.3d at 1500.

Having established that Defendant BTG conducted forum-related activities when it knowingly employed Plaintiff for remote work in California, Plaintiff need only demonstrate that his injury arose from those activities.  But for Defendant's contact with California through Plaintiff's employment, Plaintiff would have suffered no injury.  Thus, the second prong is satisfied.

### 3.  Fair Play and Substantial Justice

Because Plaintiff has satisfied the first two prongs of the test for specific personal jurisdiction, the burden shifts to Defendant to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  *Burger King*, 471 U.S. at 477.  Courts "presume that an otherwise valid exercise of specific jurisdiction is reasonable."  *Ballard*, 65 F.3d at 1500.  The following factors are used to determine whether personal jurisdiction over a defendant is unreasonable:

(1) the extent of the defendants' purposeful interjection into the forum state's affairs;

25-cv-2652-BJC-SBC

(2) the burden on the defendant of defending in the forum;

(3) the extent of conflict with the sovereignty of the defendants' state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

*Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (quoting *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).

As to the first factor, "Defendants' interjection into the forum state was not an isolated, one-time event," but rather was comprised of "purposeful, continuous contact with Plaintiff in California for" the duration of his employment. *See Alexis*, 2016 WL 11707630, at *11. To the extent Defendant's absence from California signals limited purposeful interjection, it is offset by the length of the relationship with Plaintiff, who Defendant employed while living in California for about eighteen months.

Moreover, litigation in California would put a burden on Defendant, but not an unreasonable one. "[W]ith the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib.*, 380 F.3d at 1112. Further, most of the witnesses are "business[people] who [are] accustomed to travel." *See Alexis*, 2016 WL 11707630, at *11. Regarding sovereignty conflicts and state interests, California has the sole interest in enforcing its own laws, such as the Fair Employment and Housing Act, which Plaintiff alleges Defendant violated in this case. These factors weigh in favor of exercising jurisdiction in California.

Judicial efficiency weighs slightly in Defendant's favor. Many of the potential witnesses do not live in California. However, the travel expenses of witnesses do not substantially impact judicial efficiency. Further, Defendant acknowledges that some potential witnesses would need to travel from France, meaning that Pennsylvania is only marginally more convenient of a forum for those people. ECF No. 4-1 at 25. Furthermore, California as the forum is important to Plaintiff's interests because the harms occurred in California, and he lives there. However, the convenience and effectiveness of relief for the

plaintiff is "not of paramount importance." *Dole Food*, 303 F.3d at 1116 (9th Cir. 2002).

Finally, "[w]hether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *CollegeSource*, 653 F.3d at 1080 (quoting *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 929 n. 19 (9th Cir. 2011) *rev'd on other grounds sub nom.*, *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). Because Defendant has not made a showing of unreasonableness, this Court need not consider whether another reasonable forum is available.

Weighing these factors, the Court finds that Defendant fails to present a compelling case that exercising personal jurisdiction over Defendant in California would be unreasonable. Accordingly, personal jurisdiction is proper in California.

**B. Sufficiency of Process and Service of Process**

**i.  Legal Standard**

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Federal Rule of Civil Procedure] 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quoting *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)). A motion to dismiss under Rule 12(b)(4) challenges the process with which a defendant was served as insufficient under Rule 4. A motion to dismiss under Rule 12(b)(5) asserts that the service itself was improper under Rule 4. For purposes of challenging service under 12(b)(5), the burden is on the plaintiff to demonstrate that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

When a case is removed from California Superior Court, the California Code of Civil Procedure governs disputes about pre-removal service of process. *See Lee v. City of Beaumont*, 12 F.3d 933, 934, 936-37 (9th Cir. 1993), *overruled on other grounds by Calif. Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Thus, process is insufficient if it fails to comply with California Civil Procedure Code § 412.20, which requires that the summons contain the names of the parties to the action. Cal. Civ. Proc. Code § 412.20(a)(2). Additionally, service of process requires that a plaintiff serving a

corporation make service upon the corporation's designated agent for service of process, an executive officer such as the president or secretary, or a person authorized by the corporation to receive process.  Cal. Civ. Proc. Code § 416.10(a)-(b).

**ii.  Analysis**

Defendant argues that both process and service of process were improper. Defendant asserts that Plaintiff misnamed the defendants, and that the named defendants are not legal entities.  Further, Defendant asserts that the individuals upon whom Plaintiff served in Defendant's name were unable to properly receive service.  Plaintiff does not dispute Defendants' assertions but claims that Defendant used multiple names during his employment, making him unsure how to name Defendant in the lawsuit.  ECF No. 6 at 3-4.

Although Rules 12(b)(4) and 12(b)(5) are distinct, they are both implicated when the alleged defect is that the defendant has been misnamed in the summons.  *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (quoting 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)). In such a case, process is insufficient under Section 412.20 of the California Civil Code because the summons fails to contain the names of the defendants.  Cal. Civ. Proc. Code § 412.20(a)(2).  This makes a motion to dismiss under Rule 12(b)(4) valid.  *See Wasson*, 237 F.R.D. at 424. Alternatively, the defendant may argue under 12(b)(5) that service was improper because the party named in the summons has not been served.  *Gartin v. Par Pharm. Co.*, 289 Fed. Appx. 688, 691 n.3 (5th Cir. 2008) (quoting 5A Wright & Miller, *supra* § 1353).  However, "if the summons fails to name all of the defendants, . . . dismissal is generally not justified absent a showing of prejudice."  *Union, AFL-CIO v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (internal citations omitted).

Here, the parties agree that Defendant BTG International Inc. was incorrectly named "BTG INTERNATIONAL, A PENNSYLVANIA CORPORATION" on the summons. Because Plaintiff failed to adequately name the defendants pursuant to Section 412.20 and failed to serve the defendant named in the summons, both process and service of process

25-cv-2652-BJC-SBC

were improper.

In addition, a corporate defendant may attack service of process when it is made upon an individual other than those listed in California Civil Procedure Code § 416.10. Here, Defendant argues, and Plaintiff does not dispute, that neither Samuel Angie nor Jeffrey Ginn are adequate recipients of service of process under Section 416.10. Samuel Angie does not appear to have any relation to Defendant BTG. ECF No. 4-1 at 11. Jeffrey Ginn is a plant manager for a subsidiary of Defendant BTG, *id.* at 12, and he is not authorized to receive service of process under Section 416.10, because he is not a designated agent, qualifying executive, or otherwise authorized individual. Cal. Civ. Proc. Code § 416.10. Thus, process and service of process were both insufficient under Rules 12(b)(4) and (5).

**C. Appropriate Remedy**

Defendant requests that Plaintiff's Complaint be dismissed without prejudice for insufficient process and service of process. Plaintiff, acknowledging the errors detailed above, requests leave to amend his Complaint and properly serve process. For the following reasons, service on Defendant BTG should be quashed, and Plaintiff is permitted to amend his complaint and serve process properly.

When ruling on motions to dismiss under 12(b)(4) and 12(b)(5), the Court has discretion to determine whether to dismiss the complaint or simply quash service of process. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Courts generally refrain from dismissing complaints when there is a "reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992). When quashing service after the 90-day service period allotted by Rule 4(m), courts may grant reasonable extensions to allow time for proper service. *See Kenney v. City of San Diego*, No. 13-CV-248-WQH-AGS, 2016 WL 4479401, at *7-8 (S.D. Cal. Aug. 24, 2016); *Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293 ("Rule 4(m) contemplates the possibility of an extension of time which . . . we believe is best left to the district court's discretion.").

Here, there is no reason to believe that Plaintiff would be unable to properly serve

13

process now that he knows Defendant's correct name and designated agent for service of process. Further, Defendant BTG received actual notice of this suit no later than September 9, 2025, when its agent for service of process notified it of a rejected attempt of service of process by Plaintiff. ECF No. 4-3 ¶ 5. Finally, Defendant does not argue that it was prejudiced by the insufficient process or service thereof, nor that they would be prejudiced by this Court's granting an extension. Even if Plaintiff's Complaint was dismissed without prejudice, he could simply refile and serve process properly on Defendant BTG.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, this Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss. Defendant's Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction is **DENIED**. Defendant's Motion under Rule 12(b)(4) and 12(b)(5) is **GRANTED**. Prior service on Defendant BTG is **QUASHED**. Plaintiff is **GRANTED** leave to file an amended complaint within twenty-eight (28) days of the date of this order to properly name Defendant BTG. If Plaintiff does so, he **SHALL SERVE** the amended complaint on Defendant BTG within twenty-one (21) days of the filing of the amended complaint.

**IT IS SO ORDERED**.

Dated: April 22, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-2652-BJC-SBC